## CHARLES L. BOEHME *vs.* DABNEY S. CARR.

The protest of a note payable generally, after stating demand, refusal to pay, &c., adds, that written notice was addressed to the endorser, "informing him it had not been paid by the maker thereof, and that he would be held responsible for its payment," &c. HELD, that this was not sufficient notice of protest to bind the endorser.

Demand and refusal by the maker, are facts which in all cases must, in some form or other, be communicated to the endorser in the notice of protest; the words, "had not been paid by the maker thereof," do not of necessity create the inference of such demand and refusal by the maker.

The act of 1831, ch. 319, requiring the appellate court to decide all exceptions taken by either side in the trial below, relates only to cases sent back under a procedendo, and does not apply to cases where judgments are *affirmed* in this court.

In all cases where the controversy is finally terminated by the decision of any one or more of the points raised in the record, it is not necessary for this court to decide the remaining questions.

APPEAL from Baltimore county court.

This was an action of *assumpsit*, brought on the 2nd of December 1846, by the appellant, the holder of a promissory note, against the appellee, the endorser. The defendant was returned *non est*, and the writ renewed from term to term, until January term, 1850, when, upon return of *cepi*, the defendant appeared and plead *non assumpsit*, and issue was joined. The note on which suit was brought is set out in the opinion of this court, and bears date the 2nd of October 1843.

*1st Exception.* At May term 1850, the defendant moved to amend his pleadings in order to file the plea of usury, but the

court, (LE GRAND, A. J.,) refused to receive the plea or to allow the amendment, and defendant excepted.

*2nd Exception.* The plaintiff offered the note and protest, which is stated in the opinion, proved the signature of Carr, the endorser, and then proved that said Carr left the United States for Constantinople in the fall of 1843; that his family resided in Baltimore county till the fall of 1845, when he returned, shortly after which his family removed to the city of Baltimore, and he again went abroad in April 1846. The defendant then proved by John C. Van Wyck, that witness was the official deputy of said Carr, who was naval officer of the port of Baltimore up to a short period before he left for Constantinople; that witness attended to his official business, but was not Carr's private agent; that witness' functions as deputy ceased when Carr left Baltimore, and that when he so left, the custom-house ceased to be Carr's place of business. Upon cross-examination this witness proved, that the custom-house was Carr's usual place of business up to the time of his leaving; that witness was not Carr's agent, except so far as public business was concerned, and did not attend to his private business further than from courtesy, as one gentleman would for another; that he did attend to Carr's private affairs sometimes—occasionally attended to private business for him. That he does not know that Carr gave any public notice of the discontinuance of his place of business; that witness did not attend for Carr after he went away; that Carr went abroad as minister to Constantinople, and it was announced in the public papers. The defendant then offered the deposition of John Spear Smith, (the defendant having first executed to him a release,) to the effect that he was the maker of the note in question, and Carr was the endorser for deponent's accommodation, which fact was known to the plaintiff, to whom it was immediately passed by deponent, who received from plaintiff $280 therefor. When this became due, deponent gave a new note for sixty days, with R. S. Hollins as endorser, and gave plaintiff $20 for the renewal. When this became due he paid plaintiff $20 for another renewal, and so

on from time to time, there being eleven renewals, deponent paying the plaintiff each time $20 therefor. In speaking of dates and amounts of these notes deponent stated, that he did not speak from recollection, but from a memorandum held in his hand, and which he copied from a book in which he entered his notes. Carr knew nothing of these renewals and never consented thereto. The plaintiff objected to the admissibility of all those parts of the deposition of Smith, which relate to or speak of dates and amounts, with a view to connect the notes spoken of, or any of them, with the note sued on, which objection the court sustained, and defendant excepted.

*3rd Exception.* The defendant then, upon all the evidence, offered four prayers, in substance as follows:

1st. That plaintiff having offered no evidence of notice of the non-payment of the note sued on having been given to defendant, he is not entitled to recover.

2nd. That if the jury believe that John C. Van Wyck was not the agent of the defendant at the time the note sued on fell due, then a service of notice on said Van Wyck, was not sufficient to charge defendant as endorser.

3rd. That if the jury find that J. S. Smith was the maker of the note sued on, and that defendant endorsed it for the accommodation of said Smith, and that it was then passed to plaintiff, and whilst he held it, he received one or more notes of said Smith, endorsed by R. S. Hollins, payable after said note became due, and shall find that the consideration for said notes, or any of them, was the relief of Smith from the payment of the note endorsed by defendant, until such new note should become due, then they must find for defendant.

4th. That if the jury find that the maker of the note sued on, after it became due, gave to the plaintiff, and the plaintiff accepted and received one or more notes, payable at a future day, as a renewal of the note sued on, and that Smith paid the plaintiff any sum or sums of money, as interest or premium for taking such note, and that no new consideration passed to Smith for the making of said note, then that plaintiff did

thereby give time to Smith on the note endorsed by defendant, and defendant is discharged from responsibility thereon, unless they find that the time was given with the knowledge and consent of defendant.

The court rejected all these prayers, and in lieu thereof granted the instruction quoted in the opinion of this court. The verdict and judgment was for defendant, and the plaintiff appealed.

The cause was argued before ECCLESTON, MASON and TUCK, J.

*T. P. Scott* for the appellant.

1st. The act of 1831, ch. 319, requires all the exceptions to be heard and decided, we therefore insist, that the court below properly refused the leave to the defendant to amend and plead usury:—1st. Because amendments are not of right, but in the sound discretion of the court. 1 *Gill*, 53, *Gordon vs. Downey.* 2nd. Because the plea of usury is not a plea to the merits. It is analogous to the plea of limitations, which has been decided not to be a plea to the merits. 4 *G. & J.*, 384, *State, use of Johnson, vs. Green.* 3rd. Because it was offered after the rule day, and at a term subsequent to that at which issue had been joined. 1 *Gill*, 218, *Nelson and Wife, vs. Bond.*

2nd. The court properly refused to admit all those parts of the deposition of Smith which relate to, or speak of dates and amounts, with a view to connect the notes spoken of, or any of them, with the note sued on in this case. The witness said "he does not speak from recollection, but from a *memorandum* held in his hand, and which he *copied* from a book in which he entered his notes." A *copy* of a *memorandum* is not evidence, the original must be produced. 3 *Term Rep.*, 749, 751, 752, 754, *Doe vs. Perkins and others.* 2 *Car. and Payne*, 196, (12 *Eng. C. L.*, 86,) *Jones vs. Stroud.* 3 *Wendell*, 143, 148, *Holladay vs. Marsh.* The text of 1 *Philips*

*on Ev.*, 289, as to a copy of a memorandum, is not sustained by the authorities there cited.

3rd. The court properly rejected the defendant's first and second prayers, but erred in the directions given to the jury, so far as those directions were intended as a substitute for these prayers; and the notice given by the notary public was sufficient to charge the defendant:—1st. Notice to charge an endorser must be given to him in person, or left at his present or last known place of residence, or of business. The defendant's last place of business in Baltimore, immediately preceding the giving of this notice, was at the custom house, and Mr. Van Wyck attended to his business *there.* No notice of discontinuance was given. The defendant continued to be a resident of Baltimore, notwithstanding his foreign employment. 4 *Gill*, 202, *Barry vs..Crowly.* 1 *Maryland Rep.*, 69, *Graham vs. Sangston.* 2nd. If reasonable diligence is used to ascertain the residence, it is sufficient to charge the endorser, and such was here used. 21 *Wendell*, 643, *Bank of Utica vs. Bender.* 2 *Hill, N. Y. Rep.*, 592, *Ransom vs. Mack.* 3rd. The protest is evidence that the notice was given, as certified by the notary public, and is sufficient. 1 *Gill*, 150, *Whiteford vs. Burckmyer and Adams.* 4 *Gill*, 201, *Barry vs. Crowley.* 1 *Maryland Rep.*, 66, *Graham vs. Sangston.* The act of 1847, ch. 253, makes the protest evidence of what it states—it is a remedial statute and is to be liberally construed. There is a difference between the phraseology of this protest and that in *Hunter vs. Van Bomhorst*, in 1 *Md. Rep.*, for this states that the note had not been paid by "*the maker thereof.*"

4th. The court properly rejected the third and fourth prayers of the defendant. The only evidence that other notes were given was contained in Smith's deposition, which, being rejected by the court, there was no evidence to support the prayers. Again the courts have distinguished between giving time and forbearing to sue. When the endorser would not be injured by the arrangement, but rather benefitted, the reason of the rule ceases and *cessante causa, cessat effectus.*

Boehme *vs.* Carr.

6 *H. & J.*, 235, 247.   7 *H. & J.*, 93.   2 *G. & J.*, 233, 234.
5 *G. & J.*, 351, 356.   3 *Gill,* 356.   1 *Md. Rep.*, 115.

*W. C. N. Carr* for the appellee.

1st.   The instruction of the court below was proper:—1st.
Because the notice to the endorser set forth in the protest did
not show a demand upon the maker.   *Hunter vs. Van Bom-
horst,* 1 *Md. Rep.*, 504.   The act of 1837, ch. 253, requires
that a demand should have been made—there may have been
good reasons why it was not paid.   You cannot presume the
sufficiency of the notice, the act only makes the notice *prima
facie* evidence of its contents.   2nd.   Van Wyck was not the
agent of Carr, and notice to him was insufficient.   He was
no more Carr's agent than any gentleman may be the agent
of another who does occasionally an act of kindness for him—
he was only held out to the public as the official deputy of
Carr in relation to the public duties of the office, and not as
private agent.   Notice must be given in such cases to the
*known general agent.*   *Story on Prom. Notes, sec.* 317.   3rd.
There is no proof of diligence used to ascertain the endorsee's
address or place of residence.   There must be reasonable and
diligent inquiry as to his residence—inquiry at least of the
maker and holder.   *Story on Prom. Notes, sec.* 312.   *Chitty
on Bills,* 453.   3 *Camp.*, 262, *Bevinge vs. Burgeiss.*   3 *Hill,*
520, *Spencer vs. Bank of Salina.*   20 *Johns.*, 382, *Smedes
vs. Bank of Utica.*   5 *Barr.*, 182, *Haley vs. Brown.*   This
question of diligence is a question of law for the court.   7
*Gill,* 231, *Bell vs. Hagerstown Bank.*

2nd.   The amendment asked for should have been allowed,
because it was necessary "to bring the merits of the question
between the parties fairly to trial."   *Act of* 1809, *ch.* 153,
*sec.* 1.   The refusal to grant the leave was a subject of appeal.
2 *H. & G.*, 79, *Wall vs. Wall.*   1 *H. & G.* 407, *Union Bank
vs. Ridgely.*   4 *G. & J.*, 384, *State vs. Green.*   All pleadings
may be amended except those connected with the statute of
limitations.   *Evan's Pr.*, 247.   The act of 1845, relating to
usury, affects contracts made before its passage as well as
those subsequent to it.   9 *Gill,* 300, *Baugher vs. Nelson.*

3rd. Smith's deposition, in the part ruled out, was admissible; it was not important whether he used the original memoranda or a copy to refresh his memory.

4th. The third and fourth prayers of defendant should have been granted, because the facts assumed in them show a valid contract to the maker to give time. 1 *Md. Rep.*, 504, *Hunter vs. Van Bomhorst.* 10 *New Hamp.*, 318, *Crosby vs. Wyatt.* The reception of interest before hand is *prima facie* evidence of a binding contract to delay payment. 11 *New Hamp.*, 335. *N. H. Savings Bank vs. Ela.*

*Levin Gale* on the same side.

There were here eleven renewals, for each of which the maker paid $20, making in all $220 for a note of $300, and yet, in the face of this, the appellant seeks to recover from the endorser the whole amount of this note, with interest from the time it fell due. In such a case is it not a good defence to ask that the plea of usury be admitted by an innocent accommodation endorser? The plea sought to be introduced is the plea under the act of 1845, and not the old plea avoiding the contract. The act of 1845 says, that it is fair to pay the principal and legal interest, and the act of 1809 says, all amendments which will bring the merits of the case fairly to trial shall be allowed.

The testimony of Smith is admissible. The case in *Term Rep. and Philip's on Evidence*, cited on the other side, are not inconsistent. It makes no difference whether the original memorandum or a copy is used.

The taking of a new note is evidence of the giving time, and discharges the endorser. 1 *Md. Rep.*, 514. Here there was certainly both forbearance and a new note. What was the $20 paid for except to get forbearance?

The point as to the sufficiency of the notice was clearly decided by the court below, and although the reasons may be different the point is still raised. The decision clearly includes every question in respect to the notice.

There is no proof whatever that Van Wyck was the agent

of Carr for any such purpose as the receiving of notice of protest. He was only agent so far as public business was concerned. *Story on Prom. Notes*, 307, 309. The due diligence here relied on, is that he employed a notary public, and he presumes the notary did his duty. 3 *Camp.*, 262, says he must show due diligence. Diligence is a question of law upon the facts. 7 *Gill*, 231. *Chitty on Bills*, 453, is to the same point, that the holder must *show* that he has used due diligence. So in *Story on Bills*, in the sections already referred to. In 3 *Hill*, 520, the notary *swore* that he used due *diligence*, but that was not enough. 5 *Barr.*, 182, and *Chitty on Bills*, 453, show that the previous parties must be resorted to. But in this case the residence of the family was well known, and there the notice should have been sent. *Story on Prom. Notes,* sec. 317.

But the form of the notice is clearly insufficient. The objection is not that a demand was not made, but that the notary did not give *notice* of that fact to the endorser. The case of *Graham vs. Sangston*, 1 *Md. Rep.*, 69, is conclusive upon this point, for there can be no distinction between saying that a note has not been paid at all, and that it has not been paid by the maker.

MASON, J., delivered the opinion of this court.

The note which forms the basis of the present action is in these words, viz:

"Sixty days after date I promise to pay D. S. Carr, or order, three hundred dollars for value received. /

JNO. SPEAR SMITH."

This note was endorsed by Mr. Carr, the appellee in the present suit, for the accommodation of the drawer, who passed it over to the appellant. Upon maturity it was protested for non-payment. The protest, after stating demand, refusal to pay, &c., adds, "on the same day I addressed a written notice to the endorser of the said promissory note, informing him it had not been paid by the maker thereof, and that he

27    v.3

wou'd be held responsible for its payment, and left it with his agent, John C. Van Wyck, Esq."

The court below rejected a number of prayers which were offered in the progress of the trial, but finally gave the jury the following instruction: "That there is no sufficient evidence in the case to establish such notice to the defendant of the dishonor of the note sued for in this case to enable the plaintiff to recover in this action."

From this instruction the present appeal was taken. *The sufficiency of the notice of protest* is the point, therefore, which is directly presented by the decision of the court below.

We regard this question as settled by the cases of *Sangston vs. Graham,* 1 *Md. Rep.,* 59, and *Hunter vs. Van Bomhorst & Co., ibid.,* 504, and as they are conclusive of the present case, we must affirm the judgment. In both those cases the notice of protest was deemed insufficient. The notice in this case is indeed identical with that in *Hunter vs. Van Bomhorst & Co.,* except that the words "by the maker thereof," after the word "paid," appear in this and not in the other. But it will be readily seen, that the addition of these words does not vary the question. They do not of necessity create the inference *of demand on, and refusal by, the maker,* which in all cases are facts necessary to be communicated to the endorser, in some form or another, in the notice of protest.

There are other questions raised in the present record which we do not feel ourselves required to decide. By the act of 1831, ch. 319, it is true this court are required to *decide* all the exceptions which shall appear to have been taken by either side in the trial below. Our view is, that when a judgment is *affirmed* in this court, the act of Assembly does not apply. It was designed only to relate to cases sent back under a procedendo, and thus to prevent subsequent litigation and appeals in the same case, growing out of the questions presented but not decided in the first appeal. But in all cases where the controversy is finally terminated by the decision of any one or more of the points raised in the record, it is not necessary for this court to decide the remaining questions. These views, we

think, are sustained by the case of *Winter vs. Donovan*, 8 *Gill*, 376, and the case of *Owings vs. Emory and Gault*, decided at the present term, *(ante,* 178.*)*

*Judgment affirmed.*